**Abeba AREGA, Petitioner,**

v.

**IMMIGRATION & NATURALIZATION SERVICE, Respondent.**

No. 00–4076.

United States Court of Appeals,
Seventh Circuit.

Argued Sept. 7, 2001.

Decided Oct. 16, 2001.

Before BAUER, EASTERBROOK and MANION, Circuit Judges.

**ORDER**

Petitioner, Abeba Arega, seeks review of an order of the Board of Immigration Appeals ("BIA") affirming the decision of an immigration judge to deny Ms. Arega's application for asylum and withholding of deportation. We find that there is substantial evidence in the record to support

the denial of Ms. Arega's application for asylum and withholding of deportation and therefore AFFIRM the BIA's decision.

## Background

Ms. Arega is a native and citizen of Ethiopia who entered the United States as a visitor on August 17, 1992, fifteen months after the overthrow of the Communist regime that had ruled her home country. After staying longer than permitted in the United States, the Immigration and Naturalization Service ("INS") initiated deportation proceedings against Ms. Arega. In response, Ms. Arega applied for asylum and withholding of deportation.

A hearing on the merits of Ms. Arega's application for asylum and withholding of deportation was held on May 4, 1994. In her application and by way of testimony, Ms. Arega claimed eligibility for asylum and withholding of deportation because she is a member of the Amhara tribe, some of whose members, including her father and brother, have been attacked and killed by other ethnic groups in Ethiopia. Ms. Arega further claimed that her membership in the All Amhara Peoples Organization ("AAPO") as well as her husband's former membership in the Worker's Party of Ethiopia could result in her arrest and imprisonment or other harassment by the new Ethiopian government. In support of her claims, Ms. Arega submitted various articles and publications, the majority of which are general commentaries on Ethiopia's political and social climate. However, also included among them are more specific evaluations of the Amhara tribe's own political and social situation.

At the conclusion of the May 4 deportation hearing, the immigration judge rendered an oral decision in which he found that the testimonial and documentary evidence presented by Ms. Arega was insufficient to satisfy her burden of proving that she is a refugee eligible for asylum and withholding of deportation. Ms. Arega filed a timely appeal of the immigration judge's decision, and on October 31, 2000, the BIA dismissed the same, finding that Ms. Arega failed to present evidence establishing eligibility for asylum and withholding of deportation. This appeal followed.

## Discussion

We review the denial of an application for asylum and withholding of deportation under the substantial evidence test, which requires deference to the BIA's decision if it is supported by reasonable, substantial and probative evidence in the record. *Meghani v. INS*, 236 F.3d 843, 846 (7th Cir. 2001). We reverse only if the evidence is so compelling that no reasonable factfinder could fail to find the requisite fear of persecution. *Id.* The burden of proving both eligibility for asylum and withholding of deportation rests with applicant-alien. *Id.*

An otherwise deportable alien may be granted asylum at the discretion of the Attorney General if he or she qualifies as a "refugee." 8 U.S.C. § 1158. A "refugee" is an alien who is unwilling or unable to return to his or her home country because of past persecution or a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1101(a)(42)(A). If an alien is seeking asylum due to fear of future persecution, he or she must show such fear to be both subjectively real and objectively reasonable. *Sofinet v. INS*, 196 F.3d 742, 746 (7th Cir.1999). Additionally, a claim for entitlement to withholding of deportation is subjected to a higher evidentiary standard, requiring an alien to demonstrate that persecution is "more likely than not." *Ahmad v. INS*, 163 F.3d 457, 460 (7th Cir.1999). Due to this more stringent

test, failure to prove eligibility for asylum necessarily precludes entitlement to withholding of deportation. *Iliev v. INS*, 127 F.3d 638, 641 (7th Cir.1997).

■ Ms. Arega argues the BIA's decision should be reversed because: 1) the BIA unduly relied on a 1994 State Department advisory opinion concerning country conditions in Ethiopia; 2) the BIA improperly characterized her claim as one of individualized persecution; and 3) the BIA failed to properly consider the objective and subjective aspects of Ms. Arega's fear of persecution. We find each of these arguments unpersuasive.

Ms. Arega's assertion that the BIA unduly relied on a 1994 State Department advisory opinion in determining that she is ineligible for asylum and withholding of deportation is contradicted by the evidentiary record. The BIA's decision contains repeated references to evidence, or lack thereof, in the record as a whole. While it is true that the BIA cited the State Department's 1994 advisory opinion as one example of evidence that fails to support Ms. Arega's claim that her family ties and her membership in the Amhara tribe would lead to persecution should she return to Ethiopia, such singular reference is hardly sufficient to establish undue reliance on that opinion by the BIA. On the contrary, any reliance on the 1994 advisory opinion by the BIA is supported by substantial evidence in the record, which likewise fails to support Ms. Arega's claim.

■ Indeed, documentary evidence introduced by Ms. Arega herself lends support to the State Department's conclusion that neither members of the Amhara tribe nor participants in the AAPO are targets

of persecution in Ethiopia. Although, for obvious reasons, the articles and publications on which Ms. Arega relies are critical of the Ethiopian government, those authored by seemingly unbiased parties acknowledge that Ethiopia has made significant progress and expanded freedoms in the areas of political and human rights.[1] Moreover, Ms. Arega's testimony indicates that her mother and children, also members of the Amhara tribe, are living in Ethiopia without being targeted for persecution. Ms. Arega also testified that the AAPO is a legal, functioning organization in Ethiopia. Even if AAPO members have been harassed as Ms. Arega contends, mere harassment does not amount to persecution. *Bradvica v. INS*, 128 F.3d 1009, 1012 (7th Cir.1997). This substantial documentary and testimonial evidence, along with the 1994 State Department advisory opinion, supports the BIA's decision that Ms. Arega failed to establish eligibility for asylum and withholding of deportation.

Also unavailing is Ms. Arega's argument that the BIA improperly characterized her claim as one of individualized persecution without considering whether the Amhara, as a group, have been the targets of persecution. In fact, the decision of the BIA directly addressed, and rejected, Ms. Arega's claim that her status as a member of the Amhara tribe and of the AAPO were sufficient to establish a well-founded fear of persecution. The BIA found, and we concur, that Ms. Arega's claim that "her family ties *and her membership in the Amhara tribe* would lead to persecution is not supported by specific or general evidence in the record."

Lastly, Ms. Arega argues that the decision of the BIA is not entitled to deference

---

1. As counsel for the respondent correctly points out, much of the documentary evidence in the record is partial. It certainly was within the province of the BIA to consid-

er political motivations or biases affecting the credibility of any evidence in the record. *See Mansour v. INS*, 230 F.3d 902, 906 (7th Cir. 2000).

457

from this Court because the BIA failed to properly consider the objective and subjective aspects of her claimed fear of persecution. The basis of this argument is no different than the two previous, asserting that the BIA unduly relied on the State Department's 1994 advisory opinion and failed to consider the evidentiary record in its entirety. As set forth in detail above, we find these assertions to be without merit.

## Conclusion

We find that there is substantial evidence in the record to support the denial of Ms. Arega's application for asylum and withholding of deportation. Accordingly, we AFFIRM the decision of the BIA.